RODNEY F. DYER et al., vs. CRANSTON PRINT WORKS.

PROVIDENCE—APRIL 13, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)   *Use and Occupation.   Waters.*

After an adjudication of the rights of the parties in the pond, river, and dam, the court finding (*Dyer* v. *Cranston Print Works*, 22 R. I. 506) that the defendant was entitled to use the whole of the water as retained by the present dam until the plaintiffs were ready to make use of the privilege, and that thereafter each of the adverse claimants would become entitled to use one-half of the average flow of the stream, the plaintiffs brought assumpsit for use and occupation of the dam and land under the water of the pond, waters, water rights, and privileges on that portion which the court found they were entitled to:—

*Held*, that the use of the dam and land was not separate from the water rights appurtenant to the riparian estates. The water rights could not be used without maintaining the dam, and the only use of the dam and soil under the waters had been subservient to the use of the water.

ASSUMPSIT.   Heard on petition of plaintiffs for new trial, and denied.

(1)     PER CURIAM.   These cases are brought in assumpsit for use and occupation to cover successive periods of years during which the defendant has been the owner of the Cranston Print Works and has used the water rights appurtenant to the print works estate. The plaintiffs are the successive owners of the land on the west of the river and pond. The rights of these adverse parties in said pond, river, and dam have been adjudicated and settled by this court after long litigation which is recited and culminated in *Dyer* v. *Cranston Print Works Company*, 22 R. I. 506. We found that the defendant was entitled to use the whole of the water, as retained by the present dam, until the plaintiffs were ready to make use of the privilege, and that thereafter each of the adverse claimants would become entitled to use one-half of the average flow of the stream. These actions are based upon an assumption that the use of the dam and of the land under the water of the pond are separate things from the

water rights appurtenant to the riparian estates. This is a manifest error. The water rights can not be enjoyed without maintaining the dam, and the only use which the evidence shows has been made of the dam and the soil under the waters of the pond by the defendant has been subservient to the use of the water. No use and occupation of the plaintiffs' property outside of this has been proven, unless it may be the cutting of ice on the plaintiffs' part of the pond, and this at most was a trespass, not an incident of any tenancy.

It is hardly necessary to say that, while the decree in the equity case cited speaks as of the present and future, it only declares rights which the court found to have existed from the time when the present defendant acquired its title.

The petitions for new trials are denied, and judgment will be entered in all the cases for the defendant for costs.

*C. Frank Parkhurst,* for plaintiffs.
*Edwards & Angell,* for defendant.